UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| TONY DIAN PERKINS ) | CASE NO.: 16-10383(1)(12) |
| ) | |
| ) | |
| Debtor(s) ) | |

**MEMORANDUM-OPINION**

This matter is before the Court on the Application for Post-Petition Interest and Fees filed by Creditor Branch Banking & Trust Company ("BB&T"). The Court considered BB&T's Application, the Objection to Motion for Post-Petition Interest and Fees filed by Debtor Tony Dian Perkins ("Debtor"), the Memorandum in Support of the Objection to the Application of BB&T for Default Interest and for Attorney's Fees filed by Debtor, the Supplemental Filing in Support of Application for Post-Petition Interest and Fees filed by BB&T, the Second Supplemental for Application for Post-Petition Fees and Interest filed by BB&T, as well as the comments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court will **DENY** BB&T's Application for the payment of Default Interest on its claim against the Debtor and **GRANT** its Application for the payment of its attorney's fees and costs. An Order accompanies this Memorandum-Opinion.

**LEGAL ANALYSIS**

Debtor executed three Promissory Notes to BB&T and is in default under the terms of all 3 Notes. The first Note has a principal debt of $679,117.90 with an annual interest rate of 4.25%. The

second Note has a principal debt of $224,017.19 with an annual interest rate of 4.75%. The third Note has a principal debt of $559,932.49 with an annual interest rate of 5.69%.

BB&T's claim is secured by Debtor's 251.09 acre farm located in Simpson and Logan Counties in Kentucky. Both Debtor and BB&T acknowledge that the scheduled value of the farm at $2 million exceeds BB&T's claim. The parties also acknowledge that pursuant to the loan documents, the Notes contain a contractual default rate of interest of 5% (contract rate plus 5%).

Under 11 U.S.C. § 506(b), a fully secured creditor, such as BB&T, is entitled to interest on such claims, ". . . and any reasonable fees, costs or charges provided for under the agreement or State statute under which such claim arose." The purpose of awarding a default rate of interest to an oversecured creditor is to compensate the creditor for any loss resulting from nonpayment under the specific facts of the case. Usually the default interest rate is used as a means to compensate the lender for the administrative expenses and inconvenience in monitoring untimely payments. *In re Vest Associates*, 217 B.R. 696, 701 (Bankr. S.D. N.Y. 1998).

In this case, BB&T's Application seeks an Order awarding it interest on its claim at the contractual default rate (contract plus 5%) on the three BB&T Notes. The Supreme Court determined in *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235 (1989), that an award of "fees, costs, or charges" is dictated by the terms of the loan agreement. However, the award of interest is not. Bankruptcy courts have construed the *Ron Pair* decision to require analyzing default rates based on the facts and equities of each case. *Matter of Terry Ltd. Partnership*, 27 F.3d 241, 243 (7th Cir. 1994), citing *In re Consolidated Properties Ltd. Partnership*, 152 B.R. 452, 457 (Bankr. D. Md. 1993) and *In re DWS Investments, Inc.*, 121 B.R. 845, 849 (Bankr. C.D. Cal. 1990). Case law establishes that a presumption arises in favor of the contractual rate of interest that is subject to

rebuttal based on equitable considerations. The presumption is rebutted where the evidence establishes that the default rate is significantly higher than the pre-default rate without any justification being offered for the difference. *Matter of Terry Ltd. Partnership*, 27 F.3d 241, 243 (7th Cir. 1994). *See, e.g. In re Consolidated Properties Ltd. Partnership*, 152 B.R. 452 (Bankr. D. Md. 1993) (wherein the court refused to award a contract default rate of interest which was 36% higher than the pre-default rate which would have entitled the creditor to recover twice for the same losses) and *In re Hollstrom*, 133 B.R. 535, 539 (Bankr. D. Colo. 1991) (wherein the court rejected a contract default rate of 36% where no evidence was presented to show that this rate was common in the marketplace at the time of the transaction). Other considerations include whether the secured creditor runs a realistic risk of nonpayment, whether the plan proposes a relatively quick orderly liquidation and whether the contract rate of interest was a prevailing market rate at the time of default. *In re W.S. Sheppley & Co.*, 62 B.R. 271, 278-279 (Bankr. N.D. Iowa 1986).

The evidence before the Court in this case demonstrates that Debtor rebutted the presumption in favor of application of the default rate of interest of an additional 5%. First, by applying the default rate, the rate of interest is doubled on each of the three Notes. In its Supplemental Application, BB&T presented evidence that the prime rate of interest in December 2016 was 3.75% which establishes that its pre-default rate of interest is in line with the prevailing market rate; however, nothing was presented to establish that the additional 5% rate was justified or in line with the prevailing market trends.

According to BB&T's calculation, the non-default rate of interest accrues at a rate of $172.5738 per diem. Application of the non-default rate of interest accrues at $143.3395 per diem. No evidence has been proffered as to why this doubling of the interest rate is anything other than

a windfall to BB&T. First, between this case and Debtor's companion partnership cases[1], BB&T received $622,922.52 for crops and $349,498 for ARC payments in the Rolling Ridge Farms case. In the Perkins and Perkins case, BB&T received $1,300,000 less closing costs from the 2015 sale of a farm, $406,040 from the sale of encumbered equipment in 2015 and $237,528 in 2016 from the sale of encumbered farm equipment.

While the above referenced payments to BB&T were from the liquidation of BB&T's collateral, the risk of non-payment of BB&T's claim has been low throughout this case due to its oversecured status. Application of the default rate of interest will materially decrease payment, if not completely eviscerate payments to the unsecured creditors in this case. The equities in this case simply do not favor application of the default rate of interest. For these reasons, the Court **DENIES** BB&T's request for application of the default rate of interest on its claim herein.

The Debtor withdrew her Objection to BB&T's request for attorney's fees for those itemized bills provided. The Court will, therefore, **GRANT** BB&T's request for attorney's fees and reserves its rulings on BB&T's claim in the amount of $9,904.81 for "Other Charges and Premiums", so long as BB&T supplements this portion of its claim with further documentation.

## **CONCLUSION**

For all the above reasons, the Court **DENIES** BB&T's Application of the Default Rate of Interest on its claim against the Debtor, **GRANTS** its Application for Attorney's Fees and Costs, with the exception of the $9,904.81 of "Other Charges and Premiums". The Court reserves ruling

---

[1] Rolling Ridge Farms, Case No. 15-10384 and Perkins and Perkins Farms, Case No. 15-10383.

on the "Other Charges and Premiums" until BB&T submits further documentation in support of such claims. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

*Joan A. Lloyd*
Joan A. Lloyd
United States Bankruptcy Judge
Dated: February 1, 2017

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TONY DIAN PERKINS | ) | CASE NO.: 16-10383(1)(12) |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Application for Post-Petition Interest and Fees filed by Creditor Branch Banking & Trust Company ("BB&T"), be and hereby is, **DENIED IN PART AND GRANTED IN PART**.  BB&T's Application for the Default Rate of Interest is **DENIED**.  BB&T's Application for Attorney's Fees and Costs is **GRANTED**.  BB&T shall submit a proposed Order on the amount of attorney's fees and costs incurred through December 2016.  The Court will consider any additional requests for attorney's fees and costs by motion.

The Court reserves its ruling on BB&T's request for "Other Charges and Premiums" in the amount of $9,904.81 until BB&T submits further documentation in support of such claim within ten days of the date of this Order, at which time the Court will reconsider the request.

Joan A. Lloyd  
United States Bankruptcy Judge  
Dated: February 1, 2017